**Virginia L. STANFORD, Plaintiff in Error,**

**v.**

**Ralph F. STANFORD, and Dale Smith, Court Clerk, Intervenor, Defendants in Error.**

**No. 42513.**

Supreme Court of Oklahoma.

Sept. 9, 1969.

Miskovsky, Sullivan, Embry & Miskovsky, Oklahoma City, for plaintiff in error.

Curtis P. Harris, Dist. Atty., Granville Scanland, Asst. Dist. Atty., Oklahoma City, for intervenor and defendants in error.

HODGES, Justice.

Plaintiff asserts error by the trial court in refusing to tax as costs 1% poundage charged by the court clerk on payments of attorney fees and temporary support in a divorce case. The appeal presents a unique question of importance to every office of court clerk in the State.

The court clerk, pursuant to an order of the court, charged a 1% poundage upon a $200.00 attorney fee and a $100.00 support payment paid through his office. Plaintiff maintains that these items are costs and that there were ample costs on deposit with the court clerk at the time the poundage was deducted. Plaintiff further asserts that the poundage should have been deducted from the costs on deposit as were the other costs in the case, instead of from the sum paid through the court clerk pursuant to the order of the court.

The court clerk was allowed to intervene and through the county attorney filed a motion in opposition to the plaintiff. Plaintiff and intervenor stipulated that the court clerk deducted $2.00 from the attorney's fee and $1.00 from the temporary

support payment paid through the office of the court clerk pursuant to an order of the district court.

The trial court overruled plaintiff's motion and amended motion to retax costs and further incorporated said ruling in the divorce decree entered in the case.

Title 28, Section 31, of our statute requires the court clerk to charge and collect fees for receiving and paying out money in pursuance of law or order of court. This fee is set at 1% or no more than $200.00. The pertinent portion of that statute is as follows:

> "The clerk of the district court or the clerk of any court or record shall charge and collect the following fees for services by them respectively rendered and none others except as otherwise provided by law.

> &ast; &ast; &ast; &ast; &ast; &ast;

> "Receiving and paying out money, in pursuance of law or order of court ..... 1%."

By order of the court the defendant was required to pay money into the office of the court clerk that was in turn paid out to the plaintiff and her attorney. The court clerk received and paid out money pursuant to an order of the court. If there was any question as to whether the defendant or the plaintiff should pay the poundage it was resolved by the order of the court overruling plaintiff's motion to retax costs, and the divorce decree which also overruled plaintiff's motion to retax costs.

It is not necessary to the decision in this appeal to determine plaintiff's proposition that the payment of attorney fees and the temporary support payment are to be considered as costs. Under the provisions of 12 O.S. Section 930, the trial judge has the right to apportion costs as between the parties on the same or adverse sides in a manner as in its discretion it may believe right and equitable. If for the purpose of argument it would be considered that these payments are costs, we find no abuse of discretion by the trial court in ordering the plaintiff to pay the cost of $1.00 to the court clerk for processing her temporary support payment of $100.00 and charging her attorney $2.00 for collecting his attorneys fee of $200.00.

Judgment affirmed.

All Justices concur.